IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>ANNETTE CARTER, BRAD NEWMAN, KRISTINA LUCERO, RONALD BELL, and RENEE BAUER,<br><br>    Defendants. | CV 20-00018-H-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On July 10, 2020, this Court issued Findings and Recommendations to dismiss this matter. (Doc. 9.) Instead of filing objections to the Findings and Recommendations, Plaintiff Jacob Smith filed a Motion for Leave to File a Second Amended Complaint (Doc. 12) and a Motion to Expedite (Doc. 13). Mr. Smith's motions will be granted and Defendants Butte Pre-Release Center, Mike Thatcher, and Reginald Michael will be required to respond to the Second Amended Complaint.

**I. MOTION TO AMEND**

Rule 15(a) of the Federal Rules of Federal Procedure provides:

(1) A party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is

1

earlier.
(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Mr. Smith has already been granted leave to file a first amended complaint (Doc. 5), accordingly, his motion falls under Rule 15(a)(2). Given the liberality of Rule 15, the Court will out of an abundance of caution, grant the motion to amend and direct the Clerk to file Mr. Smith's Second Amended Complaint.

Mr. Smith's Second Amended Complaint now becomes the operative complaint and it replaces all prior complaints filed by Mr. Smith in this matter. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (It is a "well-established doctrine that an amended pleading supersedes the original pleading."). As such, the Court withdraws the July 10, 2020 Findings and Recommendations (Doc. 9) and will review the Second Amended Complaint (Doc. 12-1) under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

## II. STATEMENT OF THE CASE

### A. Parties

Plaintiff Jacob Smith is currently an inmate at Montana State Prison. He is

proceeding in forma pauperis and without counsel.

Mr. Smith names the following Defendants in his Second Amended Complaint: Butte Pre-Release Center, Mike Thatcher, Board of Pardons and Parole and Members in their official capacity, the Department of Corrections and Director Reginald Michael in his official capacity. (Doc. 12-1.)

**B. Allegations**

Mr. Smith appeared before the Montana Board of Pardons and Parole (Board) on April 22, 2020. The Board denied him parole but endorsed him to be an inmate worker in a pre-release program. At his parole hearing, Mr. Smith provided medical records and testimony regarding his bursitis, a chronic knee disability. He explained to the Board that he would not be capable of performing the requisite physical labor of an inmate worker or that required in a pre-release program.

Subsequent to his hearing, Dr. Rees disclosed that Mr. Smith had another knee issue call "osteoarthritis." Mr. Smith contends that Dr. Rees concealed that information prior to the hearing. Mr. Smith filed a request for a new hearing based upon the concealed diagnosis and for violating his rights under the Americans with Disabilities Act (ADA). The Board refused to respond to Mr. Smith's requests.

Mr. Smith contends he is approved for Butte Pre-Release, but the Pre-Release Center makes no accommodations for people with disabilities,

3

impairments, or handicaps. The housing unit is located on the second floor and up a steep flight of stairs. Further, any participant is immediately violated and returned to prison if they cannot perform physical labor, including walking across town to work and back.

Mr. Smith contends the Butte Pre-Release Center as contracted by the Montana Department of Correction is violating the ADA and the Rehabilitation Act (RA) by failing to reasonably accommodate his disability.

## III. SCREENING ANALYSIS

### A. Parole Board

The Court is unclear what claim Mr. Smith seeks to bring against the Board or its members in their official capacity. He seeks an order requiring the Board to provide him a new parole hearing but it is not clear on what grounds. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. U.S. 1, 7 (1979). The Board endorsed Mr. Smith for placement in pre-release. Whether or not there is a facility which can accommodate Mr. Smith's disability is not a function of the Board, but the Department of Corrections and the pre-release. The Board has not violated the ADA or the RA simply by referring Mr. Smith to prerelease. The Board and its members should therefore be dismissed from this action.

## B. Remaining Defendants

The Court has considered whether Mr. Smith's claims against Butte Pre-Release, Mike Thatcher, and Reginald Michael are frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Dismissal is not appropriate at this time. These Defendants must respond to the Complaint. *See* 42 U.S.C. § 1997e(g)(2).

The Montana Department of Corrections, however, should be dismissed. The Eleventh Amendment bars suit in federal court against a state and/or state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993).

The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. As an agency of the State of Montana, the Montana Department of Corrections is entitled to Eleventh Amendment immunity and should be dismissed. The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102–106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir.1997). As such, Mr. Smith's

5

claims against Director Michael in his official capacity for injunctive relief will be allowed to proceed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Smith's Motion for Leave to Amend Amended Complaint and Application for Injunctive Relief (Doc. 12) is GRANTED. The Clerk of Court is directed to file Mr. Smith's Second Amended Complaint and add Defendants Butte Pre-Release Center, Mike Thatcher, the Montana Department of Corrections and Reginald Michael, in his official capacity to the Court's docket. (Doc. 12-1.) The case caption shall be amended accordingly.

2. The Court withdraws the July 10, 2020 Findings and Recommendations (Doc. 9).

3. Mr. Smith's Motion to Expedite Ruling on Motion to Amend and Screening of Second Amended Complaint (Doc. 13) is GRANTED.

4. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants Butte Pre-Release Center, Mike Thatcher, and Reginald Michael to waive service of summons of the Second Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within 30 days of the entry date of this Order. If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will

be due within 60 days of the date of this Order pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

5. The Clerk of Court shall e-mail the following documents to legal counsel for the Montana Department of Corrections and mail the following documents to Defendants Butte Pre-Release Center and Mike Thatcher:

* Second Amended Complaint (Doc. 12-1);

* this Order;

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons.

6. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

7. Mr. Smith <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

8. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

9. At all times during the pendency of this action, Mr. Smith must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

Defendants Annette Carter, Brad Newman, Kristina Lucero, Ronald Bell, Renee Bauer, the Montana Board of Pardons and Parole and its members, and the Montana Department of Corrections should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Smith may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1] Mr. Smith shall have an additional three days after this period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 12th day of August, 2020.

                                            */s/ John Johnston*
                                            John Johnston
                                            United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

|  |  |
|---|---|
| JACOB SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>BUTTE PRE-RELEASE CENTER and MIKE THATCHER, BOARD OF PARDONS AND PAROLE and MEMBERS IN THEIR OFFICIAL CAPACITY, DEPARTMENT OF CORRECTIONS and DIRECTOR REGINALD MICHAEL IN HIS OFFICIAL CAPACITY,<br><br>    Defendants. | CV 20-00018-H-BMM-JTJ<br><br>RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |

TO:   Legal Counsel for the Montana          Mike Thatcher
       Department of Corrections             Butte Pre-Release Center
       P.O. Box 201301                            62 West Broadway Street
       Helena, MT 59620-1301             Butte, MT 59701

    A lawsuit has been filed against you or individuals you may represent in this Court under the number shown above. A copy of the Second Amended Complaint (Doc. 12-1) is attached. This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

    If you file the signed waiver, the action will then proceed as if Defendants

1

were served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent to answer the Complaint.  If you do not return the signed waiver within the time indicated, the Court will order the U.S.  Marshals Service to personally serve the summons and Complaint on Defendants and may impose the full costs of such service.  Please read the statement below about the duty to avoid unnecessary expenses.

      DATED this 12th day of August, 2020.

                                   */s/ John Johnston*
                                     John Johnston
                                     United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

      Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.
      "Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.
      If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.
      If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>    Plaintiff,<br><br>    vs.<br><br>BUTTE PRE-RELEASE CENTER and MIKE THATCHER, BOARD OF PARDONS AND PAROLE and MEMBERS IN THEIR OFFICIAL CAPACITY, DEPARTMENT OF CORRECTIONS and DIRECTOR REGINALD MICHAEL IN HIS OFFICIAL CAPACITY,<br><br>    Defendants. | CV 20-00018-H-BMM-JTJ<br><br>RULE 4 WAVIER OF SERVICE OF SUMMONS |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Second Amended Complaint (Doc. 12-1). I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Second Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named Defendants understand that they will keep all defenses or

1

objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service. Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to do so default judgment will be entered against them.

Date: _____


_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)