Thomas J. Leonard
BOONE KARLBERG P.C.
201 West Main, Suite 300
P.O. Box 9199
Missoula, MT 59807-9199
Telephone: (406) 543-664
rjcox@boonekarlberg.com
tleonard@boonekarlberg.com

*Attorneys for Defendants Butte Pre-Release Center
and Mike Thatcher*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>            Plaintiff,<br><br>vs.<br><br>BUTTE PRE-RELEASE CENTER and MIKE THATCHER, BOARD OF PARDONS AND PAROLE and MEMBERS IN THEIR OFFICIAL CAPACITY, DEPARTMENT OF CORRECTIONS and DIRECTOR REGINALD MICHAEL IN HIS OFFICIAL CAPACITY.<br><br>            Defendants. | CV 20-00018-H-BMM-JTJ<br><br>**DEFENDANTS BUTTE PRE-RELEASE CENTER AND MIKE THATCHER'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

## INTRODUCTION

Plaintiff Jacob Smith ("Smith") alleges Defendants Butte Pre-Release Center ("BPRC") and Mike Thatcher ("Thatcher") violated his rights under the Americans

With Disabilities Act ("ADA"), 42 U.S.C. § 12132, *et seq.*, and Rehabilitation Act ("RA"), 29 U.S.C. § 794.  However, his own allegations demonstrate he is not a resident of BPRC, has not been denied admission or participation in any program at BPRC, and has never requested an accommodation from BPRC.  In other words, his allegations are based on pure speculation about what might happen if he someday chooses to accept an inmate worker position at BRPC.  Smith's complaint demonstrates he has suffered no actual injury, no real or immediate threat of actual injury, and has failed to state a plausible claim for violations of the ADA/RA.

      Furthermore, even if Smith's claims could survive a facial attack to subject matter jurisdiction and a motion to dismiss for failure to state a claim, BPRC and Co-Defendant Reginald Michael have submitted evidence that Smith's speculative allegations are demonstrably false.  BPRC can and does make reasonable accommodations for disabled residents, including providing first-floor living units to those who cannot climb stairs.  BPRC has simply never had the opportunity to provide an accommodation to Smith, given his failure to cooperate in the admission process, request a specific accommodation, or provide any information concerning a necessary accommodation.  As such, subject matter jurisdiction is lacking on the face of the complaint and as a factual matter as well, and any attempt to amend the complaint would be futile.  Accordingly, Smith's claims against BPRC and Thatcher must be dismissed for lack of subject matter

jurisdiction, Fed. R. Civ. P. 12(b)(1), and for the failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

Smith is an inmate at the Montana State Prison. (Doc. 14 at 2.) He is not a resident of BPRC. (Doc. 15 at 2.) He alleges he applied for BPRC and was approved as an inmate worker. (Doc. 5 at 2.) He was not denied admission to the program. (Doc. 5 at 2.) Instead, he has chosen not to participate, based upon speculation that BPRC will be unable or unwilling to reasonably accommodate his alleged disability. (Doc. 5 at 2.)

The primary focus of Smith's complaint appears to have been the Montana Board of Pardons and Parole, which has since been dismissed. (Doc. 14 at 4.) Indeed, the only factual allegations pertaining to his claims against BPRC (and presumably, by extension, Thatcher) are as follows:

> 10. Smith is approved for Butte pre-release, however, Butte pre-release makes no accomodations for people with disabilities, impairments, or handicaps. The housing unit is located on the second floor and up a steep flight of stairs. Further, any participant is immediately violated and returned to prison in the event that they cannot perform physical labor, including walking across town to work and back.

(Doc. 15 at 2.)

Smith's allegations fail, first, on the face of the complaint. They show he is not a BPRC resident, has not agreed to participate in the program, and has made no

request for accommodation from BPRC. (Doc 15 at 2.) Even assuming arguendo his allegations of disability and need for accommodation are meritorious, BPRC has never been given the opportunity to provide Smith with a reasonable accommodation. (Doc. 15 at 2.) It appears the fundamental problem is this: Smith does not want to work, is not genuinely interested in whether BPRC can accommodate his alleged disability, and thus filed a lawsuit rather than make a meaningful attempt to participate in the program.

Smith has failed to allege an actual injury and lacks standing to pursue a claim against BRPC or Thatcher. His unfounded speculation about what BPRC can or cannot do does not give rise to a plausible claim under the ADA/RA. Additionally, there are no allegations whatsoever concerning any alleged wrongdoing by Defendant Mike Thatcher. For any or all of these reasons, Smith's claims should be dismissed on the face of the pleading alone.

Additionally, subject matter jurisdiction is lacking as a factual matter. With this motion, BRPC/Thatcher have submitted the Declaration of Jay Grant, Director of Community Correctional Programs and the former BPRC Program Administrator. (Declaration of Jay Grant, attached as **Exhibit A**, ¶¶ 3, 4.) Grant's Declaration establishes Smith's speculative allegations against BPRC have no basis in fact. Smith's primary allegation—that BPRC does not have first-floor housing units and all residents are required to climb a steep flight of stairs—is

false. (Ex. A, ¶ 17.) BPRC has first-floor housing units. (Ex. A, ¶ 17.) In the past, BPRC has even accommodated inmate workers who are wheelchair-bound. (Ex. A ¶ 16.) Smith's suggestion that BRPC does not make accommodations for disabled residents with respect to commuting to and from work is also false, though as an inmate worker who would live and work in a first-floor kitchen at the BPRC facility, this would not have affected Smith. (Ex. A, ¶¶ 18, 19.)

In addition to Grant's Declaration, BPRC and Thatcher join in and incorporate the motion and associated materials filed by Defendant Reginald Michael, and in particular the Affidavit of Institutional Probation and Parole Officer ("IPPO") Cathy Johnson ("Johnson"). Johnson's Affidavit further establishes Smith is not living at BPRC today due to his own choices and failure to cooperate in the admission process over the course of many months, certainly not any refusal by BPRC to accommodate his claimed disability.

## MOTION TO DISMISS STANDARD

Under Federal Rule of Procedure 12(b)(1), a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). If the motion to dismiss constitutes a facial attack, the Court must consider the factual

allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. *Savage v. Glendale High Union Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a factual attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d 1035, 1039 (9th Cir. 2004). In the case of a factual attack, no presumptive truthfulness attaches to plaintiff's allegations, and the plaintiff has the burden of proving that subject matter jurisdiction does exist with necessary evidence to satisfy this burden. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, therefore, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Conclusory allegations and unwarranted inferences, however, are insufficient to

defeat a motion to dismiss. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

## ANALYSIS

### I. SUBJECT MATTER JURISDICTION IS LACKING.

"Standing is a threshold matter central to [the Court's] subject matter jurisdiction." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Before a federal court can consider the merits of a legal claim, the party seeking to invoke the court's jurisdiction must establish the requisite standing to sue. *Whitmore v. Ark.*, 495 U.S. 149, 154 (1990). To establish Article III standing, a plaintiff must establish three elements:

> First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized and (b) <u>actual or imminent, not conjectural or hypothetical</u>. Second, there must be a causal connection between the injury and the conduct complained of. . . . Third, it must be <u>likely, as opposed to merely speculative</u>, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (emphasis added) (internal citations and quotations omitted).

"The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. A plaintiff must meet this burden "with respect to each form of relief sought, whether it be injunctive relief, damages or civil penalties." *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 185 (2000)). Moreover, plaintiffs seeking equitable relief must also show a "likelihood of substantial and immediate irreparable injury," a separate and additional jurisdictional requirement. *L.A. v. Lyons*, 461 U.S. 95, 111 (1983) (internal citations omitted).[1]

### A. Facial Challenge.

Smith's own allegations show he has not been denied admission to BPRC and has made no attempt to obtain an accommodation for his alleged disability. (Doc. 15 at 2.) On the face of his complaint alone, he has not suffered an actual or imminent injury. *See Lujan*, 504 U.S. at 561. Any injury is conjectural or hypothetical, and the notion that the perceived injury may be redressed by a favorable ruling is merely speculative. *Id*.

---

[1] Though any distinction may be largely academic, in a case like this questions of standing tend to merge with the related doctrine of ripeness. "The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many cases, ripeness coincides squarely with standing's injury in fact prong." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138-39 (9th Cir. 2000). "[M]easuring whether the litigant has asserted an injury that is real and concrete rather than speculative and hypothetical, the ripeness inquiry merges almost completely with standing." *Id*.

Nor has Smith plausibly alleged a "real and immediate threat of repeated injury," a separate and additional jurisdictional requirement for a party seeking equitable relief. *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). Even accepting his allegations about the conditions at BPRC as true, his blanket allegation that BPRC "makes no accommodations" is conclusory and contains no supporting factual matter. (Doc. 15 at 2.) A claim for injunctive or declaratory relief is not ripe for adjudication where, as here, "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Hodgers-Durgin v. V. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999). The insufficiency of Smith's allegations is particularly glaring in light of the general rule that injunctive relief is "to be used sparingly, and only in a clear and plain case." *See Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (internal quotation omitted).

It is Smith's burden to plead factual matter sufficient to demonstrate standing. *Lujan*, 504 U.S. at 561. Conclusory allegations and unwarranted inferences do not satisfy this burden. *E.g.*, *Johnson*, 653 F.3d at 1010. Smith's complaint contains no allegations of past exposure to illegal conduct by BPRC/Thatcher, much less allegations plausibly demonstrating a "likelihood of substantial and immediate irreparable injury." *O'Shea,* 414 U.S. at 466. As such, the Court should dismiss the claims against BPRC and Thatcher on the face of the complaint alone.

## B. Factual Challenge.

Even if Smith's complaint sufficiently alleged an actual or imminent injury, his allegations are false. In the case of a factual attack under Rule 12(b)(1), the plaintiff's allegations are not entitled to a presumption of truthfulness. *St. Clair*, 880 F.2d at 201.

Jay Grant is currently the Director of Community Correctional Programs at Community, Counseling and Correctional Services, Inc. ("CCCS"). (Ex. A, ¶ 3.) Prior to his promotion to that position in May of this year, he had been the BPRC Program administrator for 20 years. (Ex. A, ¶ 4.)

Grant attests that Smith first submitted an application to BPRC for an inmate worker position in December 2018. (Ex. A, ¶ 7.) BPRC approved the application at screening and sent Smith a Work Position Agreement, which must be signed in order to enroll in the program. (Ex. A, ¶ 8.) BPRC's preliminary approval at screening was part of the initial application process and not a final approval. (Ex. A, ¶ 8.) The application process still involved a number of steps before final approval by the Montana Department of Corrections and BPRC. (Ex. A, ¶ 8.) In any event, Smith's application remained active for many months, pending his completion of chemical dependency treatment, which the Board of Pardons and Parole imposed as a prerequisite to entering a pre-release program. (Ex. A, ¶ 9.)

10

On or about September 1, 2020, BPRC finally received a Work Position Agreement, Medical Information form, and Inmate Worker Request from Smith's IPPO, Cathy Johnson.  (Ex. A, ¶ 10.)  However, on the Work Position Agreement, Smith had written that, because no accommodations were "describe[ed]" in the document, "I cannot sign this contract under the above conditions."  (Ex. A, ¶ 11.)  This came as a surprise, because BPRC had not been made aware that Mr. Smith requires any accommodations for his claimed disability.  (Ex. A, ¶ 12.)  No specific accommodation had ever been requested of BPRC by Smith, IPPO Johnson, or anyone else on Smith's behalf.  (Ex. A, ¶ 12.)  No specific accommodation has been requested to this day.  (Ex. A, ¶ 12.)  Furthermore, in the Medical Information form transmitted to BPRC, no work restrictions or limitations were specified.  (Ex. A, ¶ 13.)

If it turns out that Smith requires an accommodation, BPRC will, of course, consider any reasonable accommodation to the extent it is requested and medically supported.  (Ex. A, ¶ 14.)  BPRC has thus far not been given that opportunity, however.  (Ex. A, ¶ 14.)

Smith's allegation that BPRC "makes no accommodations for people with disabilities, impairments, or handicaps" is false.  (Ex. A, ¶ 15.)  BPRC has and will continue to provide reasonable accommodations for its disabled residents.  (Ex. A,

11

¶ 15.)  For example, BPRC has in the past accommodated inmate workers who are wheelchair-bound.  (Ex. A, ¶ 16.)

Smith's suggestion that all BPRC housing units are located on the second floor, requiring all residents to ascend "a steep flight of stairs" is false.  (Ex. A, ¶ 17.)  BPRC has first-floor living units that are easily accessible.  (Ex. A, ¶ 17.)

Smith's allegation that any resident "is immediately violated and returned to prison in the event they cannot perform physical labor, including walking across town to work and back" is false.  (Ex. A, ¶ 18.)  BRPC does not require disabled residents to perform "physical labor" or "walk[] across town to work and back" without necessary and reasonable accommodations.  (Ex. A, ¶ 18.)  Moreover, as an inmate worker, Mr. Smith would be performing duties at the BPRC facility and would not be required to walk across town, for work or otherwise.  (Ex. A, ¶ 19.)  Indeed, inmate workers are not allowed passes out of the facility and can only leave the facility when supervised or escorted by facility staff.  (Ex. A, ¶ 19.)

Smith's application to BPRC remains active, pending his agreement to enroll in the program by submitting the proper forms and proceeding with the admission process.  (Ex. A, ¶ 20.)  However, as explained in some detail in IPPO Johnson's Affidavit, Smith has declined to cooperate in the admission process for several months.  This is the real reason he is not participating in the BPRC program today.

A prospective pre-release resident cannot establish actual or imminent injury by levying baseless and speculative allegations about whether the pre-release can or will accommodate an alleged disability, particularly where, as here, the resident has made no genuine attempt to obtain an accommodation. Smith's claims against BPRC/Thatcher must be dismissed for lack of subject matter jurisdiction.

## II. SMITH HAS FAILED TO ALLEGE SUFFICIENT FACTUAL MATTER TO PLAUSIBLY SUGGEST BPRC DISCRIMINATED AGAINST HIM ON THE BASIS OF HIS ALLEGED DISABILITY.

Smith's claims are premised upon alleged violations of the ADA and RA. The ADA and RA "both prohibit discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). The two acts are nearly identical and case law construing Title II of the ADA generally applies equally to claims raised under the RA. *See, e.g., Duvall v. County of Kitsap*, 260 F.3d 1124, 1135-36 (9th Cir. 2001).

Under the ADA/RA, the plaintiff bears the burden of establishing the elements of the prima facie case. *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008). More specifically, a plaintiff pursuing a claim under the ADA/RA must show: (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was

13

otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam)).

Furthermore, "to recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001). This requires a showing of deliberate indifference, requiring both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood. *Id*. (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1988)). The first prong requires a plaintiff to "identify 'specific reasonable' and 'necessary' accommodations that the defendant failed to provide" and to establish that he notified defendant of the need for accommodation. *Id*. The second prong requires a showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. *Id*.; *see also Moore v. Harris*, 2015 U.S. Dist. LEXIS 191223, at *20-21 (S.D. Cal. May 22, 2015).

Here, the complaint demonstrates BPRC did not discriminate against Smith by denying him admission to the program. Smith expressly alleges he has been approved for BPRC. Nor is there any allegation that Smith has requested any accommodation from BPRC, much less that BPRC has denied the request or

deliberately failed to act in response to his request.  Instead, Smith simply speculates that BPRC cannot accommodate his disability.  This is insufficient to state a plausible claim for relief under the ADA or RA.

### III.  SMITH'S COMPLAINT IS DEVOID OF ANY ALLEGATIONS CONCERNING MIKE THATCHER.

Smith's complaint does not specify whether Thatcher is named in his personal or official capacity.  Regardless, there is not a single allegation in the complaint referencing Thatcher.  (*See generally* Doc. 15.)  As such, there is insufficient factual matter to state a plausible claim against him, in any capacity.

Presumably, Smith opted to name Thatcher because he is the CEO of CCCS, the company that runs the BPRC and a number of other programs.  Even assuming Thatcher exercised supervisory authority over BPRC, however, and assuming further that Smith had alleged some failure in that regard, one does not become liable under §1983 merely by supervising a tortfeasor.  *See al-Kidd v. Ashcroft*, 580 F.3d 949, 963-65 (9th Cir. 9009).  While personal liability may attach to supervisors under certain circumstances, it never attaches under a theory of *respondeat superior*. *See, e.g., Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012).  Rather, supervisory officials "cannot be held liable unless they themselves" violated a federal right.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added).  A supervisory official must have somehow personally participated in the deprivation.  *See Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002); *McDade v.*

*West*, 223 F.3d 1135, 1142 (9th Cir. 2000). In other words, because supervisory liability is "direct liability," there must be "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001).

Here, there are no allegations whatsoever concerning Thatcher. No personal capacity claims can survive because the complaint is devoid of factual matter concerning any personal participation by Thatcher in an alleged violation. Similarly, no official capacity claims can survive given the lack of any allegations about Thatcher. Furthermore, an official capacity claim against Thatcher would be improper and redundant, given that Smith has also named BPRC. *E.g., Nelson v. Los Angeles*, 2012 U.S. Dist. LEXIS 201349, at *15 (C.D. Cal. Dec. 17, 2012) (dismissing redundant official capacity claims against county jail chief because the county was already named).

In summary, the reasons Smith named Thatcher remain a mystery. Thatcher appears in the caption of the complaint, but nowhere else. Even affording Smith every benefit of the doubt, he has failed to sustain his burden in stating a plausible claim for relief against Thatcher.

## CONCLUSION

Smith has failed to plead an actual or imminent injury, and the evidence submitted by Defendants proves any attempt to do so would be futile. Smith has

no standing and his lawsuit should be dismissed, first, for lack of subject matter jurisdiction. Additionally, Smith has failed to allege sufficient factual matter stating a plausible claim against BPRC/Thatcher for violations of the ADA/RA. For any one or all of these reasons, BPRC and Thatcher's Motion to Dismiss should be granted.

DATED this 13th day of October, 2020.

>BOONE KARLBERG P.C.
>
>/s/Thomas J. Leonard
>Thomas J. Leonard
>*Attorneys for Defendants Butte Pre-Release Center and Mike Thatcher*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that the foregoing brief is double-spaced, 14-point Times New Roman font, and contains approximately 3,548 words, excluding the caption and Certificate of Compliance.

DATED this 13th day of October, 2020.

                                        BOONE KARLBERG P.C.

                                        /s/Thomas J. Leonard
                                        Thomas J. Leonard
                                        *Attorneys for Defendants Butte Pre-Release Center and Mike Thatcher*

# CERTIFICATE OF SERVICE

      I hereby certify that on the 13th day of October, 2020, a copy of the foregoing, along with a copy of the Court's Notice of Electronic Filing, was duly served upon the following persons by the following means:

| | |
|---|---|
| _____ | CM/ECF |
| _____ | Hand Delivery |
| \_\_\_1\_\_\_ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | Email |

1.    Jacob Smith, Inmate # 41666
       Montana State Prison
       700 Conley Lake Drive
       Deer Lodge, MT 59722
       *Pro Se Plaintiff*

                                      BOONE KARLBERG P.C.

                                      /s/Thomas J. Leonard_____

                                      Thomas J. Leonard

                                      *Attorneys for Defendants Butte Pre-Release Center and Michael Thatcher*