# EXHIBIT A

Thomas J. Leonard
BOONE KARLBERG P.C.
201 West Main, Suite 300
P.O. Box 9199
Missoula, MT 59807-9199
Telephone: (406) 543-664
rjcox@boonekarlberg.com
tleonard@boonekarlberg.com

*Attorneys for Defendants Butte Pre-Release Center and Mike Thatcher*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>BUTTE PRE-RELEASE CENTER and MIKE THATCHER, BOARD OF PARDONS AND PAROLE and MEMBERS IN THEIR OFFICIAL CAPACITY, DEPARTMENT OF CORRECTIONS and DIRECTOR REGINALD MICHAEL IN HIS OFFICIAL CAPACITY.<br><br>    Defendants. | CV 20-00018-H-BMM-JTJ<br><br>**DECLARATION OF JAY GRANT** |

I, Jay Grant, hereby declare under penalty of perjury the following.

1. The statements made herein are based on my personal knowledge.

2. I am over the age of 18 and would be competent to testify to the matters set forth herein if required to do so.

3. I am currently the Director of Community Correctional Programs at Community, Counseling and Correctional Services, Inc. ("CCCS").

4. Prior to that time, from April 26, 2000 to May 9, 2020, I was the Program Administrator at the Butte Pre-Release Center ("BPRC").

5. I am familiar with and help oversee operations at BPRC, among other CCCS programs.

6. BPRC is a comprehensive, community-based correctional program designed to assist adult male offenders with their transition back into the community, as well as to provide a cost-effective, program-intensive alternative to incarceration. BPRC provides residents with a full-range of correctional programming, chemical dependency treatment, life skills development, and employment skills.

7. The Plaintiff in this matter, Jacob Smith submitted an application to BPRC for an inmate worker position in December 2018.

8. BPRC approved the application at screening and sent Mr. Smith a Work Position Agreement, which must be signed in order to enroll in the program. BPRC's preliminary approval at screening was part of the initial application process and not a final approval. The application process still involved a number

of steps before final approval by the Montana Department of Corrections and BPRC.

9. Mr. Smith's application remained active pending his completion of chemical dependency treatment, which the Board of Pardons and Parole imposed as a prerequisite to entering a pre-release program.

10. On or about September 1, 2020, BPRC received a Work Position Agreement, Medical Information form, and Inmate Worker Request from Smith's Institutional Probation and Parole Officer ("IPPO"), Cathy Johnson.

11. On the Work Position Agreement, Mr. Smith had written that, because no accommodations were described in the document, "I cannot sign this contract under the above conditions."

12. However, BPRC was not made aware that Mr. Smith requires accommodations for his claimed disability. No specific accommodation has ever been requested, by Mr. Smith or anyone else on his behalf.

13. Furthermore, in the Medical Information form transmitted to BPRC on or about September 1, 2020, no work restrictions or limitations were specified.

14. BPRC will consider any reasonable accommodation to the extent it is requested by Mr. Smith and medically supported, but BPRC has thus far not been given that opportunity.

15. Mr. Smith's allegation that BPRC "makes no accommodations for people with disabilities, impairments, or handicaps" is false. BPRC has and will continue to provide reasonable accommodations for its disabled residents.

16. For example, BPRC has in the past accommodated inmate workers who are wheelchair-bound.

17. Mr. Smith's suggestion that all BPRC housing units are located on the second floor, requiring all residents to ascend "a steep flight of stairs" is false. BPRC has first-floor living units that are ADA accessible.

18. Mr. Smith's allegation that any resident "is immediately violated and returned to prison in the event they cannot perform physical labor, including walking across town to work and back" is false. BRPC does not require disabled residents to perform "physical labor" or "walk[] across town to work and back" without necessary and reasonable accommodations.

19. Moreover, as an inmate worker in Food Services, Mr. Smith would be performing duties at the BPRC facility and would not be required to walk across town, for work or otherwise. Indeed, inmate workers are not allowed passes out of the facility and can only leave the facility when supervised or escorted by facility staff. Mr. Smith would work in a kitchen that is almost directly across the street from his living quarters and on the first floor.

20.     Mr. Smith's application to BPRC remains active, pending his agreement to cooperate in the remainder of the application process and enroll in the program.

21.     Further Declarant sayeth naught.

DATED this 13 day of October, 2020.

_____
Jay Grant