IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BUTTE PRE-RELEASE and MIKE THATCHER,[1]<br><br>　　　　Defendants. | CV 20-00018-H-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　Plaintiff Jacob Smith has filed a Petition for a Temporary Restraining Order and Temporary Injunction regarding the conditions at Montana State Prison as it relates to the COVID-19 pandemic. (Doc. 23.) Mr. Smith seeks a temporary restraining order and injunctive relief requiring Reginald Michael (the Director of the Montana Department of Corrections) to direct C-Unit staff and management to allow Mr. Smith to perform his typical limited duties, to provide Mr. Smith with proper protective equipment during laundry handout, to evaluate inmates for release in order to relieve the overcrowded prison population, and to follow public standards for testing, quarantining, and treating every inmates established by the CDC. (Doc. 23 at 5.)

---

[1]The case caption has been amended to reflect the addition of Defendants Butte Pre-Release and Mike Thatcher (Doc. 15) and the dismissal of Defendants Carter, Newman, Lucero, Bell, Bauer, the Parole Board, and the Montana Department of Corrections. (Doc. 16).

1

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as a plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after *Winter*).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d Ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the

injunction when the action is brought to trial.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). There must be a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). That relationship is sufficient to support a preliminary injunction where the injunctive relief sought is "'of the same character as that which may be granted finally.'" *Id.* (*quoting De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

The subject of the present lawsuit is whether the Butte Pre-Release Center and Mike Thatcher are violating the Americans with Disabilities Act and the Rehabilitation Act by failing to provide reasonable accommodations for Mr. Smith's disabilities. (Second Amended Complaint, Doc. 15; Service Order, Doc. 14.) Yet, Mr. Smith is seeking injunctive relief regarding conditions at Montana State Prison. Because the subject of Mr. Smith's request for injunctive relief is not the same as the subject matter of his complaint, the court "lacks authority to grant

the relief requested." *Pacific Radiation Oncology*, 810 F.3d at 636.

In addition, an injunction against individuals not parties to an action is strongly disfavored. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment ... resulting from litigation in which he is not designated as a party ...."); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Director Michael is not and never has been a party to this lawsuit.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

Mr. Smith's Petition for a Temporary Restraining Order and Temporary Injunction (Doc. 23) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Smith may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or

---

[1] Mr. Smith shall have an additional three days after this period would otherwise expire.

waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of October, 2020.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge