IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> BUTTE PRE-RELEASE, MIKE THATCHER and REGINALD MICHAEL, <br><br> Defendants. | CV 20-00018-H-BMM-JTJ <br><br><br> FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Plaintiff Jacob Smith asserts various Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims related to his potential parole from Montana State Prison, where he is currently incarcerated. Pending before the Court are two motions to dismiss. (Docs. 19 & 21.) For the following reasons, the motions should be granted.

## I. BACKGROUND

The background of this case was fully set forth in the Court's Order of August 12, 2020. (Doc. 14.) The facts will not be repeated here, except as necessary for the following analysis. Subsequent to filing his Second Amended Complaint, Smith obtained counsel, who filed the briefs in response to the motions

1

to dismiss.

## II. ANALYSIS

All of the defendants in this matter have moved to dismiss Smith's Second Amended Complaint ("SAC") (Doc. 15), in two motions: Defendants Butte Pre-Release Center ("BPRC") and Mike Thatcher ("Thatcher") move to dismiss for failure to state a claim and lack of subject matter jurisdiction (Doc. 19), and Defendant Reginald Michael ("Michael") moves to dismiss for lack of subject matter jurisdiction (Doc. 21).

A. BPRC and Thatcher's Motion to Dismiss

BPRC and Thatcher have moved to dismiss on two Fed. R. Civ. P. 12(b) grounds, (1) and (6). They contend that Smith lacks standing to pursuit this suit, and therefore it is not justiciable within the meaning of Article III. (Doc. 20 at 7.) They rely on what they characterize as both facial and factual attacks, appending an affidavit of Jay Grant, BPRC's administrator for 20 years. (Doc. 20-1.) The argument based on this affidavit rebuts Smith's assertions in his SAC regarding the availability of disability accommodations at BPRC.

These defendants also pose the related argument that Smith fails to state an ADA or RA claim for relief under Rule 12(b)(6) because he has not alleged the elements of such a claim. (Doc. 20 at 14.)

Finally, defendants point out that Smith's SAC fails to contain any allegations regarding Thatcher and therefore fails to state a claim against him. Thatcher relies on 42 U.S.C. § 1983 case law that holds that one is not liable merely because one supervises a potential tortfeasor.

Smith responds that he did, indeed, plead an injury-in-fact, assuring him standing and subject matter jurisdiction. (Doc. 32 at 3.) Based on the allegations in the SAC, Smith asserts that he has sufficiently alleged an injury-in-fact to survive dismissal. Smith also denies that a "factual attack" on his SAC is appropriate. (Doc. 32 at 5.)

Smith also concedes that Thatcher is a "redundant" defendant and therefore may be dismissed. (Doc. 32 at 8.)

B. Analysis

Article III of the United States Constitution limits the subject-matter jurisdiction of federal courts to justiciable "cases" and "controversies." U.S. Const., Art. III, § 2. The United States Supreme Court has held that for a case to meet the justiciability requirements for federal subject-matter jurisdiction, a plaintiff must show (1) standing; (2) that the case is ripe; (3) the case is not moot; and (4) the case does not involve a political question. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006). Rule 12(h)(3) requires that "Whenever it appears

3

by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." See *Kontrick v. Ryan,* 540 U.S. 443, 455 (2004).

When confronted by motions to dismiss under Rules 12(b)(1) and 12(b)(6), the Court must consider 12(b)(1) first. *See Bell v. Hood,* 327 U.S. 678, 682 (1946) ("[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law ... [that] must be decided after and not before the court has assumed jurisdiction over the controversy.").

Defendants are correct that a Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir.2000). In a facial attack, the defendant asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. In a factual attack, the defendant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Smith is correct, however, in cautioning that a factual attack on jurisdiction is unusual and restricted to narrow circumstances. The Court will start, then, with Defendants' facial attack.

Smith's SAC requests only declaratory and injunctive relief. (Doc. 15 at 9, 17.) To establish standing in an ADA case seeking injunctive relief, a plaintiff must plead "(1) a concrete and particularized injury in fact that is both actual or imminent as opposed to conjectural or hypothetical; (2) a causal connection between the alleged injury and the defendant's challenged conduct; (3) a likelihood that a favorable decision will redress that injury, and (4) a sufficient likelihood the plaintiff will be wronged in a similar way by showing a real and immediate threat of repeated injury." *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). A plaintiff invoking federal jurisdiction has the burden of establishing that he has satisfied the "case-or-controversy" requirement of Article III of the Constitution; standing is a "core component" of that requirement. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559–61 (1992).

Smith's allegations in his SAC regarding BPRC are as follows:

> Smith is approved for Butte pre-release, however, Butte pre-release makes no accommodations for people with disabilities, impairments, or handicaps. The housing unit is located on the second floor and up a steep flight of stairs. Further, any participant is immediately violated and returned to prison in the event that they cannot perform physical labor, including walking across town to work and back.

(Doc. 15 at 2.) Other parts of the SAC allege that Smith is seriously disabled. (Doc. 15 at 3.) He further states that he "sent letters to the Butte pre-release wherein he

5

described his disability and requested guidance. Butte refused to respond and continues to promote Smith into the program without accommodations." (Doc. 15 at 10.)

The Court must assume these allegations are true on a Fed. R. Civ. P. 12(b)(1) facial challenge. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). As such, do they sufficiently convey the standing and ripeness elements Smith needs to pursue this claim in federal court? The Court concludes that they do not. Smith has failed to allege facts that would give him standing or would establish that the case is ripe for review.

A plaintiff must have standing at the time the lawsuit is filed. *See, e.g.,* F*riends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.,* 120 S. Ct. 693 (2000) ("we have an obligation to assure ourselves that [plaintiff] had Article III standing at the outset of the litigation"). In addition, "[t]he constitutional component of ripeness often overlaps with the injury-in-fact prong of Article III standing." *Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 849 (9th Cir. 2007.) *See also*, *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1138-39 (9th Cir. 2000) (en banc) ("Whether the question is viewed as one of standing or ripeness, the Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are 'definite

6

and concrete, not hypothetical or abstract.' ") For a case to meet Article III's justiciability requirements, it must not depend on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, 141 S. Ct. 530, 535, (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998).)

In this instance, even assuming that BPRC has steep stairs and sends people who cannot perform physical labor back to prison, one cannot conclude, ipso facto, that this fate awaits Smith. This harm is not "a concrete and particularized injury in fact that is both actual or imminent as opposed to conjectural or hypothetical." *Fortyune*, at 1082. In fact, it is nothing but conjectural or hypothetical. Certainly, if he signed on to BPRC and they forced him, despite any demonstrated disability, to climb "steep stairs" and "walk across town and back," he may very well have a claim. But until he faces a truly "imminent" likelihood of being forced to, his claim is not ripe. His SAC states that BPRC "continues to promote" him into the program, though it is clear that he is not assigned to BPRC until he consents, which he has not done. Until he agrees to go and provides the information BPRC needs, the status quo remains, in which he is legally incarcerated in MSP, without any constitutional right not to be. Any threat of discrimination against him within the

purviews of the ADA or the RA is not imminent when he has not even signed the contract that would start the ball rolling on his placement at BPRC.

Smith's lack of standing is highlighted by his statement in his brief that "Even if the prerelease center has housing on the first floor and work assignments across the street, Smith alleges he is physically incapable of performing the work that constitutes the work release program." (Doc. 32 at 6.) He is asserting that even with the accommodations that he claims he needs in his SAC, he still would be unable to work there. That may be true, but that may also not be a violation of the ADA—at some point, an employer is not obliged to accommodate a worker's disability. (The ADA protects a "qualified person with a disability" who "can perform the essential functions" of her job, including those who can do so only "with ... *reasonable* accommodation." § 12111(8). *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 801 (1999).) But since none of these supposed eventualities has come to pass, or even threatened to, Smith simply cannot demonstrate that he has standing or that his claim is ripe. Smith's claims, at this point, are too

hypothetical to meet the Article III requirements, and this Court does not have subject matter jurisdiction to hear them.[1]

C.  Defendant Michael's Motion to Dismiss

Defendant Michael moves to dismiss under Rule 12(b)(1) as well but includes a much greater elaboration of facts related to Smith's process of being rejected for parole and authorized for BPRC. (Doc. 22 at 3 – 8.) Michael raises similar standing and ripeness issues as the other defendants, and for the same reasons, the Court concurs.

Smith failed to respond to this motion with a unique brief, but the Court assumes he intended to make the same unavailing substantive arguments in response to both motions to dismiss. He also failed, however, to respond to Michael's arguments regarding injunctive relief. Smith seeks all kinds of injunctive relief beyond the scope of the defendants he names and his individual claims of injury. Smith's request for relief as to BPRC is that it is ordered to provide accommodations in compliance with the ADA and to publish a description of any structural modification which accommodate disabilities. (Doc. 15 at 17.) In

---

[1] Because the Court reaches its conclusion on a facial analysis of Smith's SAC, it does not decide whether dismissal would also be proper under a factual Rule 12(b)(1) and/or a Fed. R. Civ. P. 12(b)(6) analysis.

addition, he seeks a new parole hearing, which would not resolve any of the issues here related to his contentions regarding BPRC. The Court agrees with the analysis in Michael's brief but needs not finally resolve the issue since the SAC will be dismissed in its entirety.

Accordingly, the Court enters the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for lack of subject matter jurisdiction. Defendant Mike Thatcher should be DISMISSED on Plaintiff's direction.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to the Findings and Recommendations within 14 days. *See* 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Dated this 13th day of September, 2021.

_____
John Johnston
United States Magistrate Judge