IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>                Plaintiff,<br><br>vs.<br><br>BUTTE PRE-RELEASE, MIKE THATCHER and REGINALD MICHAEL,<br><br>                Respondents. | CV 20-18-H-BMM-JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his Findings and Recommendations in this case on September 13, 2021 (Doc. 38). Judge Johnston recommended that this matter should be DISMISSED for lack of subject matter jurisdiction; that the Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure; and have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

Jacob Smith filed an objection to the Findings and Recommendations. (Doc. 39). The Court reviews *de novo* those findings and recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C). The Court reviewed Judge Johnston's

Findings and Recommendations *de novo* and adopts them in full for the reasons discussed below.

## BACKGROUND

Jacob Smith ("Smith") was denied parole but endorsed as an inmate worker in a pre-release program. Smith explained that he would not be capable of performing the requisite physical labor of an inmate worker or that required in a pre-release program.

Smith contends he is approved for Butte Pre-Release, but the Pre-Release Center makes no accommodations for people with disabilities, impairments, or handicaps. Mr. Smith contends the Butte Pre-Release Center as contracted by the Montana Department of Correction is violating the ADA and the Rehabilitation Act (RA) by failing to reasonably accommodate his disability.

## LEGAL STANDARD

Article III of the United States Constitution limits the subject-matter jurisdiction of federal courts to justiciable "cases" and "controversies." U.S. Const., Art. III, § 2. The United States Supreme Court has held that for a case to meet the justiciability requirements for federal subject-matter jurisdiction, a plaintiff must show: (1) standing; (2) that the case is ripe; (3) the case is not moot; and (4) the case does not involve a political question. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006).

To establish standing in an ADA case seeking injunctive relief, a plaintiff must plead the following elements:

> "(1) a concrete and particularized injury in fact that is both actual or imminent as opposed to conjectural or hypothetical; (2) a causal connection between the alleged injury and the defendant's challenged conduct; (3) a likelihood that a favorable decision will redress that injury; and (4) a sufficient likelihood the plaintiff will be wronged in a similar way by showing a real and immediate threat of repeated injury."

*Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). A plaintiff invoking federal jurisdiction has the burden of establishing that he has satisfied the "case-or-controversy" requirement of Article III of the Constitution; standing is a "core component" of that requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61 (1992).

A plaintiff must have standing at the time the lawsuit is filed. *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 120 S. Ct. 693 (2000) ("we have an obligation to assure ourselves that [plaintiff] had Article III standing at the outset of the litigation"). For a case to meet Article III's justiciability requirements, it must not depend on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, __ U.S. __, __, 141 S. Ct. 530, 535, (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998).)

## ANALYSIS

Judge Johnston determined that Smith's claims lacked standing and ripeness. (Doc. 38 at 6.) The Court agrees with Judge Johnston's analysis in the Findings and Recommendations.

At the time Smith filed his complaint, his claim did not meet the Article III justiciability requirements. To meet Article III's justiciability requirements Smith's harm must be "a concrete and particularized injury in fact that is both actual or imminent as opposed to conjectural or hypothetical." *Fortyune*, 364 F.3d at 1082. Smith argues that the Butte Pre-Release Center would require him to climb steep stairs and walk long distances. Smith also claims that "[e]ven if the prerelease center has housing on the first floor and work assignments across the street, [. . .] he is physically incapable of performing the work that constitutes the work release program." (Doc. 32 at 6.)

Smith has not been placed at the Butte Pre-Release Center. The harms Smith alleges may befall him were he to enter the Butte Pre-Release Center are mere conjecture. Even taking Smith's allegations as true, Smith cannot demonstrate he is a resident of BPRC, has been denied admission or participation in any program at BPRC, or has requested an accommodation from the Butte Pre-Release Center. Smith's claim "rests upon contingent future events that may not occur as anticipated,

or indeed may not occur at all." *Hodgers-Durgin v. V. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999).

Smith's speculation is insufficient to meet the Article III justiciability requirements. Given that Smith's claims are neither sufficient for standing or ripeness, the Court does not have the subject matter jurisdiction to hear them.

**IT IS THUS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 38) are **ADOPTED IN FULL**.

1. Defendants' motions to dismiss for lack of subject matter jurisdiction (Docs. 19 and 21) are **GRANTED**.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure; and

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 28th day of October, 2021.

_____
Brian Morris, Chief District Judge
United States District Court